NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In the Matter of | : | Case No. 11-43549/JHW |
| Benjamin W. Moore | : | **OPINION ON** |
| Debtor. | : | **RECONSIDERATION** |

APPEARANCES:  Mark S. Cherry, Esq.
385 Kings Highway, North
Cherry Hill, New Jersey 08034
Counsel for the Debtor

Warren S. Wolf, Esq.
Goldberg & Wolf, LLC
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Counsel for Angelo Contino

George C. Greatrex, Jr.
Shivers, Spielberg, Gosnay & Greatrex, LLC
Cherry Hill Plaza, Suite 210
1415 Route 70 East
Cherry Hill, New Jersey 08034
Counsel for Oak Hollow Condominium Association

FILED
JAMES J. WALDRON, CLERK
March 2, 2012
U.S. BANKRUPTCY COURT
CAMDEN, NJ
BY:  s/ Robert J. Cooper, Judicial
Law Clerk to Chief Judge Wizmur

The movant herein, Angelo Contino, sought to dismiss the debtor's case, or in the alternative for relief from the automatic stay, with prospective relief, to continue state court litigation between the parties. In addition, the movant sought access to the property occupied by the debtor to conduct an inspection in connection with a lawsuit filed by an unrelated third party. On January 6, 2012, I initially denied the motion to dismiss, but granted the movant's request for relief from the stay with prospective relief. I also directed that the debtor make certain post petition payments in connection with a state court order and

that the movant allow access to the property for inspection purposes. The debtor moved pro se for reconsideration. I subsequently determined to dismiss the debtor's case for having been filed in bad faith, for improper purposes, and for failure to pay the Chapter 13 trustee and court ordered payments. Prospective relief was retained, but the enforcement and access provisions of the previous order were reserved for further consideration by the state court. The debtor's motion for reconsideration of the order granting relief from the stay was denied. The opinion below reflects my reasoning for those determinations.

## FACTS AND PROCEDURAL HISTORY.

It is undisputed that on or about July 31, 1997, Angelo Contino became the legal owner of real estate located at 3 Bridgewater Drive, Marlton, New Jersey. Motion to Dismiss, Contino Certif., Exh. A. Approximately one month later, Contino entered into a Real Estate Installment Sale Agreement, dated August 25, 1997, with Benjamin Moore (the debtor herein) to sell the property to him for $90,000 under an option to purchase arrangement. Id. at Exh. B. It is alleged that at some point Moore fell behind on his payments and that the parties amended their agreement to remove the option to purchase and to

restructure it as a landlord/tenant arrangement.[1]  Subsequently, Moore filed four (4) separate Chapter 13 cases, one after the other, with conflicting descriptions of the nature of his ownership interest in the subject property and his relationship with Contino.

    1.    First Filing.[2]

On August 23, 2002, Moore filed a voluntary Chapter 13 bankruptcy petition, case number 02-18272/JHW.  The debtor did not schedule an ownership interest in any real property, and he listed Contino as an unsecured creditor with a claim in an unknown amount.  On Schedule G, the debtor indicated that he leased his personal residence, although he did not identify the lessor.  On Schedule J, the debtor listed his monthly rental payment as $1,200.  Upon receiving notice of the debtor's bankruptcy filing, Contino filed a secured proof of claim based on his "real estate contract/lease" with the debtor, asserting arrearages in the amount of $12,484.41 and noting that the "leased property" was in the debtor's possession.  The debtor's Chapter 13 plan proposed to assume the "Lease with Angelo Contino"; however, the plan was

---

[1]    The debtor disputes that such an agreement was reached.  A copy of the purported amended agreement was not provided to this court.  The nature of the relationship between the parties and the agreement or agreements that they may have reached is the basis for the litigation in the state court.

[2]    This would actually be the debtor's second bankruptcy filing, but the first filing did not involve the subject property.  Moore previously filed a joint voluntary petition for bankruptcy relief on September 9, 1994 under Chapter 7, in case number 94-14176/JHW.

3

never confirmed. The debtor's case was dismissed on January 23, 2003 when the debtor failed to file his tax returns and to make his trustee payments. On March 28, 2003, the debtor's case was closed.

    2.    Second Filing.

Two months after the dismissal of the first case, on March 24, 2003, Moore filed a second Chapter 13 petition, case number 03-19623/JHW. This time, the debtor described Contino in Schedule F as the debtor's "landlord" with an unliquidated claim in the amount of $0.00. Schedule G was consistent with the previous filing. The debtor also listed an increased monthly rental amount of $1,250, and in his Chapter 13 plan, proposed to assume his "Lease and purchase option" with Contino, with all arrears and future payments to be satisfied outside of the plan. Unsecured creditors were to receive a zero dividend. The plan was confirmed by an order entered on November 13, 2003. The debtor ultimately completed his case and received a discharge on March 26, 2008. His case was closed on March 31, 2008.

Shortly thereafter, sometime in 2009, Contino commenced an eviction action against the debtor for non-payment in the New Jersey Superior Court, Burlington County, Landlord-Tenant Section, docket number BUR-LT-1426-09. The debtor ultimately consented to the entry of a judgment for possession and a Warrant of Removal was issued. Contino Certif. at 2, ¶ 11; Exh. C. The

4

warrant of removal was served on May 26, 2009, and required Moore to vacate the property by May 29, 2009.  Contino Certif., Exh. C.  The parties subsequently entered into an agreement to satisfy the Consent to Enter Judgment for Possession wherein the debtor agreed, as "the tenant", to make payments to Contino, as "the landlord", of $1,400 per month, comprised of a $1,200 monthly payment and $200 toward arrears.  Id. at ¶ 12; Exh. D.  Pursuant to this agreement, the debtor tendered payments from June 1, 2009 through April 2010.  Id. at ¶ 13.  No payments have been received since that time.

On June 28, 2010, Moore commenced an action against Contino in the New Jersey Superior Court, Burlington County, Chancery Division, case number BUR-C-056-10, alleging an ownership interest in the subject property.  Contino Certif. at 2, ¶ 15; Exh. E.  An answer and counterclaim were filed.  Id. at Exh. F.  The matter was very contentious with trial scheduled for October 17, 2011.  After the debtor failed to remain current with his property taxes, insurance, HOA fees and other associated costs and expenses, Judge Michael J. Hogan, P.J.Ch. entered an order on March 17, 2011 requiring Moore to pay $1,400 per month to Contino's counsel, Jeffrey Apell, Esq., of Apell & Detrick, to cover the above referenced costs.  Id. at Exh. G.  Moore apparently failed to comply with this court and never tendered payment.  The debtor's request for reconsideration was denied by the state court.  Contino Certif. at 3, ¶ 24.

3.    Third Filing.

On July 26, 2011, the debtor filed a third petition for bankruptcy protection under Chapter 13, case number 11-32193/JHW, staying the state court action.  This time the debtor scheduled an ownership interest in the property, listing it with a value of $149,200 and a mortgage held by Contino in the amount of $11,621.61.  The debtor asserted that his regular monthly mortgage payments were in the amount of $1,400, although he allegedly was not making any payments at that time.

Contino moved to dismiss the debtor's case, or alternatively for relief from the automatic stay on September 26, 2011.  On October 26, 2011, this court granted relief from the automatic stay.  The debtor's case was dismissed the next day for failure to file tax returns, make trustee payments and to provide required documentation to the Chapter 13 trustee, and the debtor's case was closed on November 9, 2011.

The state court matter was subsequently relisted for December 6, 2011.  Contino also filed a motion in state court to Enforce Litigant's Rights which was made returnable on December 2, 2011.

4.      Fourth Filing.

On November 21, 2011, the debtor filed his fourth and current Chapter 13 bankruptcy petition, case number 11-43549/JHW. The debtor scheduled the Bridgewater Dr. property as unencumbered in Schedule A with a value of $149,200. He did not include Contino as a secured creditor. The debtor again identified $1,400 as his monthly mortgage/rental obligation, although there was no mention of a mortgage or lease agreement anywhere in his bankruptcy petition or schedules. Two weeks later, on December 5, 2011, the debtor filed his Chapter 13 plan, proposing payments of $344.74 a month for 3 years, primarily to satisfy a motor vehicle loan, along with pro rata payments to unsecured creditors. Contino was not mentioned in the debtor's plan.

On December 13, 2011, Contino moved to dismiss the debtor's case, or alternatively for relief from the automatic stay to continue the state court litigation, with prospective relief.[3] In addition, he sought access to inspect the subject property occupied by the debtor in response to a separate lawsuit.[4] The movant explained that on April 13, 2011, Karen Hengst filed suit against

---

[3]     The clerk's office docketed notice of the dismissal of the debtor's previous bankruptcy case which was pending within the last year, triggering application of 11 U.S.C. § 362(c)(3). After thirty (30) days, pursuant to this provision, the automatic stay terminated "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease." The debtor did not move to continue the stay within the 30 day period as required by statute. 11 U.S.C. § 362(c)(3)(B).

[4]     The Oak Hollow Condominium Association has joined Contino on the motion to dismiss herein.

the debtor, Contino, the property management company and the condominium association for water damages to her unit.  Contino Certif., Exh. H.  Her unit is apparently located below the debtor's residence.  The action against the debtor was stayed by his bankruptcy filing, but the matter has continued as against Contino and the condominium association.  The debtor allowed access to the condominium association in the past, but was currently denying access to both Contino and the association.

      The matter was initially heard on January 3, 2012.[5]  At that time, I determined to deny Contino's motion to dismiss; however, I granted relief from the automatic stay to allow Contino to pursue his counterclaim in the state court.  The debtor was also directed to amend his plan by January 13, 2011, to deal with the deficiency owed to Contino. [6]  I noted that it was not clear on this record whether the payments in question were rental payments or otherwise, and I left it up to the debtor to choose how to address those arrears in his amended plan.  In the event that the debtor was subsequently determined to be the actual owner of the property, it was observed that the equity in the property would then need to be used to satisfy the unsecured creditors.  An order was

---

[5]    The debtor and debtor's counsel both appeared at this hearing.  The debtor appeared pro se on the motion.

[6]    The debtor amended his Chapter 13 plan, still captioned as an "Original" plan, increasing his monthly payment from $334.74 to $634.74.  The plan no longer proposes to make payments toward the debtor's car loan, and instead directs all payments to the unsecured creditors pro rata.  The plan does not address Contino's claim.

entered on January 6, 2012, to take effect immediately, lifting the stay to allow the state court to resolve the title and possession of the subject property, provide for inspections of the property, and to enforce the state court's March 17, 2011 order (only with respect to the payments due after the filing of this petition, November 21, 2011).[7] The debtor was directed to pay Contino's counsel $2,800 to cover the December 2011 and January 2012 post petition payments, and to continue making payments of $1,400 a month beginning on February 1, 2012, in connection with the state court order. The debtor was also directed to permit Contino and the condominium association to inspect the property upon 48 hours notice.

On January 19, 2012, the debtor, pro se, sought reconsideration of the court's two orders granting relief from the automatic stay and associated relief.[8] The debtor objected to what he characterized as an "ex-parte meeting

---

[7]   A similar order was entered on January 5, 2012 with respect to the Oak Hollow Condominium Association.

[8]   The debtor's motion for reconsideration was timely filed in accordance with our local bankruptcy rules. See N.J. LBR 9013-1(h). In seeking reconsideration, the movant must demonstrate: (1) an intervening change in controlling law; (2) new evidence not previously available or dispositive evidence presented but not considered; or (3) a need to "correct a clear error of law or prevent manifest injustice." See Paluch v. Secretary Pennsylvania Dept. Corrections, 442 Fed.Appx. 690, 2011 WL 3652418, *4 (3d Cir. Aug. 19, 2011), United States v. Omega Inst., Inc., 25 F. Supp.2d 510, 513 (D.N.J. 1998); In re Consol. Parlodel Litig., 22 F. Supp.2d 320, 329 (D.N.J. 1998); In re Christie, 222 B.R. 64, 67 (Bankr. D.N.J. 1998). Here, the debtor has not presented an intervening change of law, new evidence or a need to correct a clear error of law sufficient to justify reconsideration of the January 2012 orders of this court.

9

without a chance for this debtor to reply."[9] Motion for Recon. at 1. He commented that he would "mark this up as your honor not remembering the discussion in court, and the attorneys taking advantage of the mass of work before you." Id. He asserted that this court improperly gave standing to Contino and Oak Hollow "with precedent," and that this was "PLAIN ERROR." Id. (emphasis in original). He noted that his objection to Contino's motion for relief did not appear on the docket and he included a copy of it for the court's consideration. He asked that the stay be reimposed and that Contino be denied access to the property. The motion was listed for February 14, 2012.

In the interim, a telephone conference call was held on January 26, 2012. Debtor's counsel, as well as counsel for Contino and for the condominium association participated. The debtor did not join in. Debtor's counsel stated that the debtor claimed to have made the two $1,400 payments required by the January 6, 2012 order, but that counsel was unable to confirm the tendering of that payment. In any event, Contino denied having received the payments. The filing of the modified Chapter 13 plan was noted and identified as deficient. The car loan was no longer included as part of the plan and all payments were directed toward unsecured creditors. The arrears to Contino were not addressed. It was determined that the debtor had failed to make his required post petition payments to the trustee. One initial payment

---

[9] There was no ex parte discussion or meeting with the court. The debtor was afforded an opportunity at that time in court to present his arguments in response to Contino's motion.

of $111 had been made in the case, but no other payments have been made to the trustee. The court concluded that:

> there is sufficient basis to understand [that] this plan, this process, has no basis to proceed. That it is filed in bad faith, that it is a hodge podge of attempts to thwart or delay the state court litigation and is inappropriate to continue. I think it is appropriate to enter an order of dismissal and that is what I will do.

Informal transcript at 5. The court clarified that the quest by the parties to enforce certain orders of this court, including the order to make the $1,400 payments and the direction to permit access to the subject property, were to be directed to the state court. I determined to dismiss the case for bad faith but to hold it open for sixty (60) days in the event that the parties needed to return to this court for further relief.

The debtor appeared pro se on February 14, 2012 on his motion for reconsideration. The debtor objected to the previous orders as having been entered in favor of parties without standing before this court. He maintained that they were not creditors of his estate. The debtor's motion for reconsideration was denied, and he was free to renew his arguments before the state court. An order dismissing the case was entered on February 17, 2012.[10]

---

[10] The order noted that the "bankruptcy case was filed by the debtor in bad faith, for improper purposes, and for failure to pay trustee and ordered interim payments." Order at ¶ 1. Prospective relief was continued and the debtor's motion for reconsideration was denied. The court directed further that the parties were free to pursue their state court remedies.

11

Dated:   March 2, 2012

                                                  JUDITH H. WIZMUR
                                                  CHIEF JUDGE
                                                  U.S. BANKRUPTCY COURT